UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                  **ORDER OF DETENTION**

                                  20-mj-01010(JJM)

v.

BRANDON KIDDER,

                        Defendant.

_____

        Defendant is charged in a Complaint with violations of 18 U.S.C. §§2252A(a)(5)(B), 2252A(b)(2), and 2252A(a)(2)(A). The government has moved for pretrial detention pursuant to 18 U.S.C. §3142(f), and a detention hearing was commenced on March 10, 2020, the continuation of which was deferred pending completion of defendant's competency examination. Defendant also moved for pretrial release [14] following the completion of his competency examination based on an alleged heart condition that renders him more susceptible to COVID-19. The detention hearing was completed on October 21, 2020. At that time, oral argument was also conducted on defendant's motion for release [14].

        At the hearing, the parties proceeded by proffer. In determining whether there are conditions of release that will reasonably assure defendant's appearance as required, I have taken into account the available information concerning the factors enumerated in 18 U.S.C. §3142(g). Because I find probable cause to believe that defendant committed the offenses with which he is charged, there arises under 18 U.S.C. §3142(e) a rebuttable presumption that no condition or

combination of conditions will reasonably assure the defendant's appearance as required, and the safety of any other person and the community.

For the reasons stated on the record at the conclusion of the detention hearing, I find that the conditions of release proposed by defendant are insufficient to rebut that presumption. Having considered the applicable factors under 18 U.S.C. §3142(g), I find by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance as required, and I further find by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

For the reasons stated on the record at the conclusion of the detention hearing, I also deny, without prejudice, defendant's motion for release [14] based on the COVID-19 risk. Accordingly, it is hereby

ORDERED that, pursuant to 18 U.S.C. §3142(i)(2), defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and it is further

ORDERED that, pursuant to 18 U.S.C. §3142(i)(3), defendant be afforded reasonable opportunity for private consultation with counsel; and it is further

ORDERED that, pursuant to 18 U.S.C. §3142(i)(4), upon order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined, deliver defendant to United States Marshals for the purpose of an appearance in connection with a court proceeding; and it is further

ORDERED that the foregoing is without prejudice to defendant's right to the presumption of innocence, or to his right to seek reconsideration of this Order based upon changed circumstances.

DATED: October 21, 2020

                                                /s/ Jeremiah J. McCarthy
                                                JEREMIAH J. MCCARTHY
                                                United States Magistrate Judge