UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

vs.

BRANDON KIDDER,

_____

Defendant.

**SENTENCING MEMORANDUM
21-CR-00118**

# INTRODUCTION

This memorandum is being submitted for the Court's consideration of Defendant's, BRANDON KIDDER, request for a sentence that would be sufficient, but not greater than necessary under the circumstances.

## Procedural History

## ARGUMENT

In the United States v. Booker 543 U.S. 220, 125 S. Ct. 738 (2005), the United States Supreme Court rendered the United States Sentencing Guidelines advisory. The Second Circuit has instructed that although advisory, the sentencing court must still calculate the appropriate sentencing range under the Guidelines, including any departure provisions. United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). "Once an applicable Guideline range has been determined, the sentencing judge will have the duty, imposed by Section 3553(a)(4), to 'consider' it, along with

all of the factors listed in Section 3553(a)." Id. The Court must give due consideration to the factors identified in 18 U.S.C. Sec. 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103, and as recently affirmed in United States v. Ministro-Tapia, 470 F.3d 137 (2nd Cir. 2006).

The law of this circuit has not been changed by Rita v. United States, 127 S.Ct. 2456 (2007). Rita recognized that courts could continue to apply a more searching level of appellate review than a "presumption of reasonableness." The sentencing courts, applying the Guidelines in individual cases may depart (either pursuant to the Guidelines, or, since Booker, by imposing a non-Guideline sentence)… "The result is a set of Guidelines that seek to embody the Sec. 3553(a) considerations, both in principle and in practice." Id. At 2458.  Appellate "reasonableness" review merely asks whether the trial court abused its discretion." Id. At 2465.

This court has the discretion to impose a non-incarceration sentence in this case. The Supreme Court issued two decisions, Gall v. United States, 552 U.S.__, 128 S.Ct. 586 (2007), and Kimbrough v. United

States, 552 U.S. __, 128 S.Ct.558 (2007), which give the sentencing court power to make an individualized assessment of the appropriate sentence based on the facts presented in each case.

### Title 18 United States Code Section 3553(a)(1) Factors

### History and Characteristics of Defendant

Section 3553(a)(1) instructs courts to consider "the history and characteristics of the defendant." 18 U.S.C. Sec. 3553(a) (1). Now, after the Supreme Court's decision in Booker, District Courts are able to adequately consider aspects of defendants' lives that were previously prohibited under the mandatory Guideline framework. Mr. Kidder's history and characteristics are such that a non-guideline sentence should be imposed.

Mr. Kidder is 37 years old and has no criminal convictions. He was born in Buffalo, NY from the marital union of Larry and Darlene Kidder. His father is 63 years old and is currently employed as a machine shop operator. His mother is 56 years old and disabled.

Mr. Kidder has three siblings. Jeremy Kidder is 35 years old, Jesse Kidder is 33 years old and Brittany Kidder is 31 years old. Jeremy owns a local restaurant and his sister Brittany is a waitress/cook there. Jesse owns a pool service business. His siblings are healthy and do not suffer from

mental health illness the way Brandon does.

### Education and Work History:

Mr. Kidder attended the Alden Central School District but dropped out in 11th grade. He obtained his GED is the year 2000. Mr. Kidder is currently unemployed but previously worked at Majestic Pools and the Town and Country restaurant. Due to his diagnoses, it is unlikely that Mr. Kidder will ever be able to establish a career.

### Current Relationships:

Mr. Kidder is not in a relationship and has no children.

### Physical Condition:

Mr. Kidder is physically healthy although he did contract Covid in the jail.   He is also diagnosed with Mitral Valve prolapse.

### Mental Health:

Despite the doctor's (at the Federal Bureau of Prisons) conclusion that Mr. Kidder is not a schizophrenic, he has been diagnosed with schizophrenia on three other occasions (ECMC psychiatric unit, Cattaraugus County Jail medical staff and Dr. Cervantes have all diagnosed Mr. Kidder with schizophrenia).   In fact, ECMC records state

that Mr. Kidder is "grossly psychotic."

## CONCLUSION

Mr. Kidder is 37 years old, and prior to this, had no criminal convictions.  He is extremely ashamed of his behavior and has suffered tremendous embarrassment as a result of his conduct.  Despite all this, Mr. Kidder is thankful that he was arrested because it opened his eyes to the severity of his mental health illness.

Historically Mr. Kidder preferred not to take medication for his schizophrenia, but now he realizes how critical his treatment is (like most schizophrenics, Mr. Kidder chose to believe there was nothing wrong with him).

It should be noted that when I first met Mr. Kidder he was not medicated and it was clear within moments that he suffered from severe psychiatric illness. Since then, the doctor at the Cattaraugus County Jail has prescribed Mr. Kidder Zyprexa.   When I interact with Mr. Kidder now it is as if he is a completely different person. While Mr. Kidder is on Zyprexa, I am able to speak rationally and intelligently with my him.

It should also be noted that Mr. Kidder was extremely cooperative in this case and accepted full responsibility for his actions

Mr. Kidder (now that he is being treated) recognizes that his actions

caused and contributed to the suffering of children. He feels horrible that he engaged in this conduct and is doing everything in his power to make sure he never re-offends.  Mr. Kidder is committed to never deviating from his doctor's recommendations again.

I ask the Your Honor to take into account that although his crimes are serious, Mr. Kidder suffers from severe psychiatric illness and was not being treated at the time he committed these crimes. He should not be punished with the same severity that a healthy person committing similar crimes should be.

With treatment, I am confident Mr. Kidder can live a law abiding life. I would also point out that Dr. Cervantes' evaluation (attached hereto) finds Mr. Kidder to be at low risk to re-offend.

In sum, this conviction has permanently affected Mr. Kidder's life.  In addition to facing a prison sentence, Mr. Kidder has suffered tremendous humiliation in front of his friends, family and the community he resides in.  Notwithstanding all this, what scares him the most is the thought of remaining in custody for years to come (he has been in jail over 2 years).

Mr. Kidder asks Your Honor to include in your consideration Your Honor's own sense of what is a fair and just sentence under all the

circumstances, and respectfully requests a sentence that is sufficient, but not greater than necessary. See United States v. Jones, 460 F.3d 191, 195 (2d Cir. 2006).

In light of the serious consequences already suffered, I am confident that Mr. Kidder will never re-offend. He continues to have a healthy relationship with his mother and he has benefited greatly from his mental health treatment. He is trying his best to get his life back on track and is doing a good job at it.

For the foregoing reasons, Mr. Kidder, respectfully requests the Court sentence him to a non-guideline sentence that will permit him to continue to better himself and return to his family.

Dated: January 23, 2022                    Respectfully Submitted,

                                                               s/ Dominic Saraceno

                                                               DOMINIC SARACENO, ESQ.

                                                               534 Delaware Avenue
                                                               Buffalo, New York 14202
                                                               (716)626-7007 (T)

To:    Caitlin Higgins
        Assistant United States Attorney

        Ashley McNeal

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
UNITED STATES OF AMERICA

vs.

BRANDON KIDDER,

               Defendant.
_____

## CERTIFICATE OF SERVICE

### 21-CR-00118

     I hereby certify that on January 23, 2022, I electronically filed the foregoing

with the Clerk of the District Court using its CM/ECF system, which would then

electronically notify the following EM/EF Participant on this case:

CAITLIN HIGGINS, AUSA
138 Delaware Avenue
Buffalo, New York 14202

And. I hereby certify that I have emailed the document to the following non-CM/ECF participant(s).

ASHLEY MCNEAL
United States Probation Officer
U.S. Probation Department
234 U.S. Courthouse
68 Court Street
Buffalo, New York 14202

                                              s/Dominic Saraceno
                                              _____
                                              DOMINIC SARACENO