UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                                                SENTENCING MEMORANDUM

vs.                                                     21-CR-00118

BRANDON KIDDER

                Defendant.
_____

      This sentencing memorandum is being submitted in response to the Court's opportunity to allow the Government and the Defendant an opportunity to provide input into how much restitution should be ordered.

## LEGAL ARGUMENT

1. In the case of U.S. v. Aumais, 656 F.3d 147 (2nd Cir, 2011), the court recently addressed the sentencing court's authority to order restitution in cases involving child pornography.

2. The appellate court held that the Government must show that a victim's losses were proximately caused by the defendant's actions when considering imposition of restitution required.

3. The Court also held that proximate cause requires some direct relation between the injury asserted and the injurious conduct.

4. The Court found that generally a defendant did not proximately harm the victim when the victim had no direct contact with the defendant and did not know of the defendant's existence.

5. The court further stated that where the Victim Impact Statement and the psychological evaluation were drafted before the defendant was even arrested (as is the case here), as a matter of law, the victim's loss is not proximately caused by defendant's possession of the victim's images.

6. The Supreme Court, in Paroline v. U.S., 134 S Ct. 1710, held that a Court applying Sec. 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses, and that the defendant should only be held liable for the consequences and gravity of his own conduct, not the conduct of others.

7. The Court held that some of the factors the Court should take into consideration are 1) the number of past defendants found to have contributed to the victim's losses, 2) reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's losses, 3) a reasonable estimate of the broader number of offenders involved, 4) whether the defendant produced or distributed images of the victim, 5) whether the defendant had any connection to the initial production of the images, 6) how many images of the victim the defendant possessed, and 7) other facts relevant toi the defendnats causal role.

8. Taking these factors into account, the Defendant's restitution should be zero or minimal at best.

9. Sadly, there are a field of civil attorney's who are trying to gain a windfall from the past suffering of many victims.

10. These attorneys submit the same restitution requests in every child pornography case without submitting a shred of back up information to justify the amounts requested.

11. In fact, many of these attorneys don't even submit retainer agreements to prove they represent the victims.

12. In this case, the submissions by civil attorneys do not offer any insight as to when the counseling was sought or when any of the damages incurred.

13. No documentation whatsoever is being provided by the civil attorneys to back up their claims.

14. The submissions are bare bone boiler plate submissions being sent in by civil attorneys trying to get wealthy.

15. In fact, I question whether restitution in these cases is even ending up in the hands of the victims, or if its being consumed by the attorneys under the guise of "legal fees."

16. Consequently, all of the requested restitution should be denied.

**WHEREFORE**, for the reasons set forth above, defendant, BRANDON KIDDER, respectfully requests an Order from this Court denying the Government's request for restitution.

s/ Dominic Saraceno, Esq.

DOMINIC SARACENO, ESQ.
534 Delaware Avenue
Buffalo, New York 14202
(716) 626-7007 (t)
(800)-305-5836   (f)
saracenolaw@gmail.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

vs.

BRANDON KIDDER

                Defendant.
_____

## **CERTIFICATE OF SERVICE**

21-CR-0018

I hereby certify that on May 15, 2022, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following EM/EF Participant on this case:

                CAITLIN HIGGINS, AUSA
                138 Delaware Avenue
                Buffalo, New York 14202

                s/Dominic Saraceno
                _____
                DOMINIC SARACENO